J-S47023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARNELL J. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 640 MDA 2020 |

Appeal from the PCRA Order Entered April 14, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003969-2011

BEFORE: STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: JUNE 7, 2021**

Appellant Darnell J. Williams appeals from the order denying his second petition filed under the Post Conviction Relief Act[1] (PCRA). Appellant argues that the PCRA court erred in rejecting his claim that after-discovered evidence entitled him to a new trial. For the reasons that follow, we affirm.

The PCRA court summarized the facts underlying this matter as follows:

[I]n the evening hours of June 14, 2011, Thorn Burgess, (hereinafter "the [v]ictim")[,] his brother Darrien and their friends were playing basketball at Reservoir Park in Harrisburg, Pennsylvania. At some point a physical altercation began at the basketball court, but it is unclear how the altercation started or when [Appellant] became involved in it. At some point, [Appellant] became involved in the altercation with the victim, and the victim incurred a fatal gunshot wound to his stomach after slamming [Appellant] to the ground for a second time.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

*See* PCRA Ct. Op., 4/4/20, at 1-2.

A jury convicted Appellant of third-degree murder and carrying a firearm without a license and acquitted him of first-degree murder.[2]  On February 27, 2014, the trial court sentenced Appellant to an aggregate term of twenty-two to forty-four years of incarceration.  This Court affirmed his judgment of sentence on June 8, 2015.  *See Commonwealth v. Williams*, 122 A.3d 1126 (Pa. Super. 2015) (unpublished mem.), *appeal denied*, 128 A.3d 1207 (Pa. 2015).

Appellant subsequently filed a timely PCRA petition in which he argued that counsel was ineffective for failing to call Lorenzo Daquan Bell as a witness at trial.  *See* PCRA Pet., 3/21/16, at 1-7.  The PCRA appointed counsel to represent Appellant.  Following an evidentiary hearing, the PCRA court denied relief on January 29, 2018.  This Court affirmed the denial on October 2, 2018, and the Pennsylvania Supreme Court denied allowance of appeal on April 17, 2019.  *See Commonwealth v. Williams*, 200 A.3d 528, 367 MDA 2018, 2018 WL 4705613 (Pa. Super. 2018) (unpublished mem.),[3] *appeal denied*, 206 A.3d 1029 (Pa. 2019).

During the pendency of that appeal, Appellant sought to amend his petition based on after-discovered evidence, namely written statements from

---

[2] 18 Pa.C.S. §§ 2502(c), 6106, 2502(a), respectively.

[3] As discussed in this Court's decision in Appellant's first PCRA appeal, Appellant alleged that Bell had information that Charles Tate was the shooter. *See Williams*, 2018 WL 4705613 at *2.

Corey Eden and Tamir Williams, stating that Charles Tate shot the victim. Although not referred to by the PCRA court, on July 12, 2019, Appellant filed a counseled PCRA petition, his second, raising the same claims. Appellant's Second PCRA Pet., 7/12/19.

The PCRA court held evidentiary hearings on August 20, 2019, September 5, 2019, October 4, 2019, and November 1, 2019. Following the November 2019 hearing, counsel filed an additional petition to amend, citing after-discovered evidence from a third witness, Malique Nasier Echols-McCullough, who also named Charles Tate as the shooter. *See* Pet. to Amend PCRA, 12/5/19, at 1-4. The PCRA court held a final evidentiary hearing on January 29, 2020.

Ultimately, the PCRA court denied Appellant's petition by the April 14, 2020 order and memorandum explaining its decision. *See* PCRA Ct. Op., 4/14/20, at 1-4. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion, adopting its April 14, 2020 memorandum opinion.

On appeal, Appellant raises the following issue for review:

> Whether the trial court erred when it denied Appellant's petition for post-conviction relief based on newly discovered evidence.

Appellant's Brief at 7 (some formatting altered).

Before addressing Appellant's claim, we must consider whether Appellant timely filed the PCRA petition giving rise to this appeal. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019),

*appeal denied*, 216 A.3d 1044 (Pa. 2019); *see also Commonwealth v. Reid*, 235 A.3d 1124, 1140 (Pa. 2020) (noting that "even when the parties or a PCRA court do not address the timeliness of a PCRA petition, [our Supreme] Court will consider the issue *sua sponte*, as it is a threshold question implicating . . . subject matter jurisdiction" (citation omitted)). We note that here, the PCRA court appeared to accept Appellant's filings to amend his first PCRA petition after the court denied Appellant's his first petition and while an appeal was pending. *See* PCRA Ct. Op., 4/14/20, at 2 (indicating that Appellant filed a petition to amend on July 18, 2018, and that the court ultimately held hearings).

It is well settled that "[a] PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Valentine*, 928 A.2d 346, 348 (Pa. Super. 2007) (citations omitted). "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Id.* (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To invoke one of these exceptions, a petitioner must also file his petition within one year of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2) (as amended eff. Dec. 24, 2018). It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation and quotation marks omitted).

In *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), *overruled on other grounds by* *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020), our Supreme Court held that

when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Lark*, 746 A.2d at 588 (footnote omitted).  Applying this holding, the *Lark* Court concluded that a petitioner timely filed a subsequent PCRA petition by (1) asserting newly discovered facts that arose when the petitioner's first PCRA appeal was pending and (2) filing his subsequent petition when the claim could have presented, or within sixty days of date his first PCRA petition was decided on appeal.[4]  *Id.*

In *Commonwealth v. Beatty*, 207 A.3d 957 (Pa. Super. 2019), *appeal denied*, 218 A.3d 850 (Pa. 2019), this Court emphasized that a PCRA court cannot hold in abeyance a subsequent petition filed when a first PCRA appeal was pending.  *Beatty*, 207 A.3d at 961.  The *Beatty* Court concluded that the court in that case erred by holding such a petition in abeyance and then reinstating it for a review of its merits without consideration of the PCRA's timeliness requirements.  *Id.* at 964.  Such a practice, the Court continued, improperly tolled the PCRA's time limitations.  *Id.*  The Court, in *Beatty*, concluded that the PCRA court lacked jurisdiction to consider the subsequent petition and affirmed the denial of relief on that basis.  *Id.*

Instantly, Appellant attempted to commence an amendment to his first PCRA petition while the denial of his first petition was on appeal, and the PCRA

---

[4] Since *Lark*, our General Assembly amended Section 9545(b)(2). Specifically, Act 146 of 2018 extended the deadline in Section 9545(b)(2) from sixty days to one year for claims arising one year before the act's effective date of December 24, 2018.  *See* 2018, Oct. 24, P.L. 894, No. 146, §§ 2-3. Therefore, Section 9545(b)(2) currently states that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented" and applies to claims arising on December 24, 2017 or thereafter.  *See id.*

court apparently held it in abeyance. *See* PCRA Ct. Op., 4/14/20 at 2. Appellant's filing was improper, and similar to the procedures in ***Beatty***, the PCRA court here erred by failing to dismiss it. *See id.* Further, there is no indication in the record that the PCRA court considered the timeliness of Appellant's claims. *See id.*

However, unlike ***Beatty***, Appellant filed a second PCRA petition after his first PCRA appeal ended. Specifically, Appellant's first appeal ended April 17, 2019, when our Supreme Court denied allowance of appeal, and Appellant filed a second PCRA petition on July 12, 2019.[5] Further, Appellant's second petition alleged that he only discovered new witnesses and evidence, *i.e.*, Corey Eden and Tamir Williams while his first PCRA appeal was pending. Based on this record, we conclude that ***Beatty*** is distinguishable because Appellant filed his second PCRA petition after his first PCRA appeal ended.

Further, we acknowledge that Appellant filed his second PCRA petition outside of the sixty-day limit originally stated in ***Lark***. However, Appellant filed after the effective date of amended Section 9545(b)(2), and he raised a colorable claim of newly discovered facts that the claim arose after December 24, 2017, and while his first PCRA appeal was pending. For these reasons, we conclude that Appellant was entitled to the current one-year deadline to file from the date he could have presented his claims. *See* 2018, Oct. 24, P.L.

---

[5] We note that Appellant filed his second PCRA petition before the time for petitioning the United States Supreme Court for writ for certiorari in his first PCRA appeal expired. However, Appellant did not seek further review in the United States Supreme Court.

894, No. 146, §§ 2-3 (amending Section 9545(b)(2)); **Lark**, 746 A.2d at 588 (discussing Section 9545(b)(2)).

Accordingly, this Court's decision in **Beatty** does not control, and we conclude the PCRA court had jurisdiction to consider Appellant's second PCRA petition under **Lark** and amended Section 9545(b)(2).[6] Therefore, we will consider Appellant arguments in this appeal.

Appellant claims that the PCRA court erred in denying a new trial based on the testimony of Corey Eden, Tamir Williams, and Malique Echols-McCullough. Appellant's Brief at 12. Appellant asserts that he met all four elements of an after-discovered claim and specifically challenges the PCRA

---

[6] We emphasize that the PCRA court has a duty to examine and address the timeliness of a PCRA petition. **See Reid**, 235 A.3d at 1140. Under Section 9545(b)(1)(ii), a petitioner must "establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176-77 (Pa. Super. 2015) (citation and emphases omitted). "The 'new facts' exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim." **Id.** (citation omitted).

Arguably, there are grounds for concluding that Appellant failed to establish a time-bar exception under Section 9545(b)(1)(ii), because it appears Appellant had information that Charles Tate was the shooter at the time of trial, and Appellant offered no evidence of his due diligence aside from his assertion that he could not have discovered witnesses until the witnesses wrote to him. **See Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (reiterating that the time-bar exception under Section 9545(b)(1)(ii) requires a petitioner "to prove that he could not have ascertained the evidence he now proffers by the exercise of due diligence"). Under the circumstances of this case, however, we decline to conclude that Appellant failed to plead and prove a time-bar exception as a matter of law.

court's finding that the witnesses' testimony was cumulative. *Id.* at 11-12. According to Appellant,

> the testimony of Corey Eden, Tamir Williams, and Malique Echols-MCullough is not cumulative because no other witnesses testified that Charles Tate shot the victim, Thorin Burgess, and is not being offered to impeach any particular witness. This testimony corroborates law enforcement investigation that Charles Tate may have been the shooter. The testimony of three (3) eyewitnesses stating that Charles Tate who was on the scene, corroborated by other witnesses that he was on the scene, shot the victim. This testimony would clearly have a significant effect on the outcome of the trial.

*Id.* at 14.

Our review of the denial of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation marks and citation omitted). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." ***Commonwealth v. Johnson***, 966 A.2d 523, 539 (Pa. 2009) (citations omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We review "the PCRA court's legal conclusions *de novo*." ***See Miller***, 102 A.3d at 992 (citation omitted).

It is well settled that an after-discovered evidence claim requires a petitioner to establish that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable

diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict if a new trial were granted. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010).

Instantly, the PCRA court denied relief explaining, in relevant part, that testimony that Appellant was not the shooter was cumulative and would not have changed the outcome of the trial. Specifically, the PCRA court noted that Taraji Mills, whom the court described as a "disinterested eyewitness" testified at trial "that [Appellant] was not present during the murder, and a third party had picked the gun up and shot the victim." PCRA Ct. Op. at 3-4. The PCRA court further concluded that "[Appellant] cannot show that this would have compelled a different verdict. His defense at the trial of this matter was that of self-defense, not that he was not the shooter." *Id.* at 4.

Following our review, we conclude that the record and law support the PCRA court's conclusion that Appellant failed to establish the new evidence would likely compel a different verdict at trial. *See Cox*, 146 A.3d at 227; *see also* PCRA Ct. Op. at 4; N.T., 12/23/13, at 40 (indicating that the trial court gave a jury instruction on self-defense); *see generally Commonwealth v. Philistin*, 53 A.3d 1, 12 (Pa. 2012) (noting that "[t]he defense of self-defense necessarily requires that the appellant admit that the

- 10 -

shooting was intentional in order to protect one's self"). Further, Appellant's bare assertion that the newly discovered evidence that Charles Tate shot the victim "would clearly have a significant effect on the outcome of the trial" demonstrates no error. ***See*** Appellant's Brief at 11, 14. Accordingly, we are constrained to affirm.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2021